*268 OPINION OF THE COURT
Per Curiam.
Respondent was admitted to the practice of law by this Court on July 9, 1975, and he maintains an office in Buffalo. In August 2015, the Grievance Committee filed a petition alleging that respondent had engaged in professional misconduct, including advancing financial assistance to certain clients while he represented them in connection with contemplated or pending litigation. Respondent filed an answer wherein he admitted advancing financial assistance to the clients and denied other material allegations of the petition and, in September 2015, this Court appointed a referee to conduct a hearing. Prior to the hearing, however, the parties executed a stipulation resolving various factual issues, and the Grievance Committee rested its case against respondent based upon the stipulated facts and documentary proof. Respondent testified at the hearing on his own behalf and in mitigation. In August 2016, the Referee filed a report sustaining certain alleged disciplinary rule violations and making findings in aggravation and mitigation. The Grievance Committee moves to confirm the report of the Referee, and respondent cross-moves to disaffirm in part the report and to remit the matter to the Grievance Committee. The parties appeared before this Court for oral argument of the motion and cross motion, and respondent was heard in mitigation at that time.
Respondent admits that, in 2003, he agreed to represent two individuals on claims seeking damages for personal injuries sustained in an automobile accident. He also agreed to assert derivative claims on behalf of the spouse of one of those individuals. Respondent admits that, from 2004 through 2011, he extended to the clients loans in the total amount of $95,600, the proceeds of which were not used to pay court costs or expenses of litigation. In aggravation, the Referee found that respondent was an experienced personal injury lawyer who knew that such conduct was prohibited. In mitigation, the Referee found that the clients did not suffer any prejudice or other harm as a result of the misconduct.
*269 We confirm the factual findings of the Referee and conclude that respondent has violated the following former Disciplinary Rules of the Code of Professional Responsibility and the following Rules of Professional Conduct:
DR 1-102 (a) (7) (22 NYCRR former 1200.3 [a] [7]) and rule 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0) — engaging in conduct that adversely reflects on his fitness as a lawyer; and
DR 5-103 (b) (22 NYCRR former 1200.22 [b]) and rule 1.8 (e) of the Rules of Professional Conduct (22 NYCRR 1200.0)— advancing or guaranteeing financial assistance to a client while representing the client in connection with contemplated or pending litigation when the client is not indigent and the financial assistance does not constitute the expenses of litigation for which the client remains ultimately liable.
Although the Referee made an advisory determination that respondent violated certain other disciplinary rules, we decline to sustain those alleged rule violations inasmuch as they are not supported by the record.
We have considered, in determining an appropriate sanction, respondent’s submissions in mitigation, including his expression of remorse and his statement that he engaged in the misconduct solely for the benefit of the clients. We have also considered, however, that the Grievance Committee previously issued to respondent a nondisciplinary letter of caution for providing financial assistance to a client and that the misconduct herein involved numerous loans over an extended period of time. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured.
Whalen, P.J., Centra, Peradotto, Lindley and Scudder, JJ., concur.
Order of censure entered.